IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICARDO RAMIREZ,**

        Plaintiff,

vs.                                                     No. CIV 00-1275 LCS

**ALVA L. WILSON and NEWT &
BUTCH'S ROOFING & SHEET
METAL, INC.,**

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Defendants' Rule 12(B)(5) and 12(B)(6) Motion to Dismiss (Doc. 6), filed February 27, 2001. The United States Magistrate Judge, having reviewed the Motion, memoranda, record, relevant authorities, and being otherwise fully advised, recommends that this Motion case be **DENIED.**

### PROPOSED FINDINGS

1.     Plaintiff filed his Complaint in this Court on September 1, 2000, alleging national origin discrimination and retaliation in violation of Title VII and seeking class action certification. On January 24, 2001, I issued an Order to Show Cause requiring Plaintiff to effect service, or to provide a written explanation why service had not been effected, within thirty days. On February 1, 2001, Plaintiff filed returns of service indicating that Defendants were served on January 18, 2001. Accordingly, on February 5, 2001, I quashed the Order to Show Cause.

2.     Defendants move to dismiss based on Rule 12(b)(5), arguing that Plaintiff failed to show good cause for failing to serve Defendants within 120 days after filing of the Complaint and that

service was insufficient because Defendants were not served with summonses.[1] Plaintiff responds that the Court found good cause for the failure to serve within 120 days and Defendants were served with summonses and copies of the Complaint.

3. Federal Rule of Civil Procedure 12(b)(5) provides for dismissal based on insufficiency of service of process. See FED. R. CIV. P. 12(b)(5). Service of process is governed by FED. R. CIV. P. 4. Defendants' argument that the Complaint should be dismissed for failure to serve it in a timely manner is not compelling. Rule 4 provides that if service is not made within 120 days after the filing of the complaint the Court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." FED. R. CIV. P. 4(m). The Court has discretion to extend the time for service, with or without a showing of good cause. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir.2000); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995). Defendants admit that they were served with copies of the Complaint on January 18, 2001, 138 days after the filing of the Complaint. On January 24, 2001, the Court *sua sponte* allowed Plaintiff an additional thirty days to effect service under Rule 4(m). Because the 120 days was extended by the Court after service was accomplished, service was timely. Alternatively, the Court will exercise its discretion and extend the 120 day period to April 20, 2001, as discussed *infra*.

4. Defendants' argument regarding sufficiently of process are similarly unavailing. Service of an individual may be accomplished by delivering a copy of the summons and of the complaint to the individual personally. FED. R. CIV. P. 4(e)(2). A corporation may be served by

---

[1] Defendants argue that the this case should be dismissed because a similar action, instituted by Plaintiff's counsel on behalf of Plaintiff's brother, was dismissed for failure to serve and prosecute on April 3, 2000. *See Ramirez v. Wilson, et al.*, CIV 99-1076 KBM. Plaintiff is not his brother's keeper. *Genesis* 4:9. The actions, or inactions, of Plaintiff's brother are irrelevant to the instant case and do not preclude consideration of the issues raised herein.

delivering a copy of the summons and the complaint to an agent authorized by appointment to receive service of process. *See* FED. R. CIV. P. 4(h)(1); FED. R. CIV. P. 4(e)(2). The return of service for Defendant Alva Wilson states that he was personally served with the summons and complaint at 1716 W. 21st Street, Clovis, New Mexico. The return of service for Defendant Newt and Butch's Roofing and Sheetmetal Inc. was left with Alva Wilson, the registered agent for service of process for the corporation, at 1716 W. 7th Street, Clovis New Mexico. (Docs. 3 and 4.) Defendants have submitted the affidavit of Alva Wilson, stating that he was personally served with copies of the Complaint, but not the summonses, on January 18, 2001. (Defs' Ex. 1.) Plaintiff has filed the conflicting affidavit of Margot Loera, in which she state that she personally served Alva Wilson with both the summonses and Complaint on January 18, 2001. (Doc. 11.) It is undisputed that Defendants' counsel now possess copies of the summonses.

5. Whether or not Defendants were served with summonses is immaterial. Rule 4 requires that a party receive sufficient notice of the claims brought against it; dismissal is not in order unless the party has been prejudiced. *See Bernstein v. Carter & Sons Freightways, Inc.*, 983 F. Supp 994, 997 (D. Kan. 1997) (strict adherence to Rule 4's summons specifications not required for jurisdiction). Defendants admit that they were served with copies of the Complaint and thus received notice of the claims. Defendants have failed to allege or demonstrate prejudice. Assuming Defendants were not served with the summonses, the Court will simply require proper service instead of dismissing the Complaint. *See* 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1353 (2d ed. 1990). Accordingly, Plaintiff shall serve Defendants in conformity with Rule 4 by April 20, 2001. Defendants' Motion pursuant to Rule 12(b)(5) should be denied.

3

6.      Defendants move to dismiss Plaintiff's class allegations pursuant to Rule 12(b)(6). A claim should not be dismissed under FED. R. CIV. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 23(c)(1) provides that, as soon as practicable after the commencement of a class action, "the court shall determine by order whether it is to be so maintained." FED. R. CIV. P. 23(c)(1). The inquiry under Rule 12(b)(6), focusing on whether the plaintiff has stated a valid cause of action is distinct from the inquiry under Rule 23(c)(1), which focuses on whether plaintiff may bring suit on behalf of a class. *See* 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, § 1798 (2 ed. 1986). A party wishing to challenge the validity of maintaining an action under Rule 23 should move for a determination under Rule 23(c)(1), rather than by moving to dismiss for failure to state a claim. *Wright v. Greene*, 910 F. Supp. 510, 515, (D. Colo. 1996) (*citing* 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, § 1798 (2 ed. 1986)). Defendants' challenge to Plaintiff's class action allegations by way of a Rule 12(b)(6) motion is inappropriate and premature. As such, Defendants' Rule 12(b)(6) Motion should be denied.

## RECOMMENDED DISPOSITION

I recommend that Defendants' Rule 12(B)(5) and 12(B)(6) Motion to Dismiss (Doc. 6), filed February 27, 2001, be **DENIED**. A separate Order shall issue requiring Plaintiff to serve Defendants in conformity with Rule 4 by April 20, 2001.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party

wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**