# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RICARDO RAMIREZ,**

        Plaintiff,

vs.                                                                                                                   No. CIV 00-1275 LCS

**ALVA L. WILSON and NEWT &
BUTCH'S ROOFING & SHEET
METAL, INC.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

        **THIS MATTER** came before the Court on Defendants' First Motion for Summary Judgment (Doc. 32), filed June 28, 2001. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, submissions, arguments of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

**I.        Background.**

        Plaintiff, a male Hispanic, alleges that Newt & Butch's Roofing & Sheet Metal, Inc. (Newt & Butch's) employed him as a construction worker for approximately four years. (Compl. ¶ 12-13.) Plaintiff contends that he was subjected to racist remarks by management and co-workers, and, that after he notified management and owners of the comments, the racist comments continued. (Compl. ¶¶ 14; 17.) Plaintiff asserts that in May 1999, he was told to go home because there was insufficient work. (Compl. ¶ 14.)

        On September 1, 2000, Plaintiff filed his Complaint in this Court on alleging national origin discrimination and retaliation in violation of Title VII and discrimination in violation of 42 U.S.C. §

1981, seeking class action certification, damages, reinstatement, attorney fees, and costs.  (Doc. 1.) Plaintiff has not moved for class certification.

In their First Motion for Summary Judgment, Defendants argue that Plaintiff's Title VII claims are barred by his failure to timely exhaust administrative remedies.

## II.     Standard

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact."  *Id.*  When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party.  *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)).  The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case.  *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *See McGarry v. Pitkin Co.*, 175 F. 3d 1193, 1201 (10th Cir. 1999).

**III.    Analysis**

Plaintiff alleges discrimination based on national origin and retaliation in violation of Title VII. Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Title VII prohibits retaliation against employees for asserting their rights under Title VII, providing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

Defendant argues that Plaintiff's Title VII claims are barred by his failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to bringing suit under Title VII. *See Seymore v. Shawver & Sons, Inc.*, 111 F. 3d 794, 799 (10th Cir. 1997); *Jones v. Runyon*, 91 F. 3d 1398, 1399 (10th Cir. 1996). To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC. *See* 42 U. S. C. § 2000e-5 (e) and (f)(1). The charge must be in writing, signed, verified and must contain a clear and concise statement of the facts. *See* 29 C. F. R. §§ 1601.9; 1601.12 (3). The purposes of the exhaustion requirement are to provide notice of the alleged violation to the charged party, and to provide the EEOC with the opportunity to conciliate the claim. *See Seymore v. Shawver & Sons, Inc.*, 111 F. 3d at 799.

Title VII requires that a charge of discrimination be filed within 180 days after the alleged unlawful employment practice occurred. However, "[i]f a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time

3

limit for filing with the EEOC is extended to 300 days." *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110 (1988). New Mexico is one such state where the period of limitations is extended to 300 days. *See Mascheroni v. Board of Regents of the Univ. of Cal.*, 28 F.3d 1554, 1557 (10th Cir.1994). Thus, in order to timely exhaust administrative remedies, Plaintiff was required to file his administrative charge of discrimination within 300 days of the date of alleged discrimination and retaliation.

In this case, Defendants have submitted the affidavit of Alva "Butch" Wilson demonstrating that Plaintiff last worked for Newt & Butch's on February 22, 1999, when he was laid off when a project neared completion. (Wilson Aff. at ¶ 7; *see* Def. Ex. A.) In addition, Wilson states that Butch and Newt's does not recall workers for new projects, but advertises and awaits job applications. (Wilson Aff. at ¶ 7.) To Wilson's knowledge, Plaintiff did not submit a job application to Newt & Butch's after February 22, 1999. (Wilson Aff. at ¶¶ 7; 9.) Plaintiff signed his administrative charge of discrimination on February 12, 2000. (Compl. Ex. 1; Wilson Aff. at ¶¶ 11; 12.) I take judicial notice that February 12, 2000 was more than 300 days after February 22, 1999.

Defendants' filed their Motion on June 28, 2001. Plaintiff's response was due fourteen calendar days later. *See* D.N.M.LR-Civ. 7.6 (a). Defendants' counsel states that she agreed to extend the time for response to August 1, 2001. Plaintiff never requested an extension of time from the Court. To date, Plaintiff has failed to file a response to Defendant's First Motion for Summary Judgment. In response to a properly supported motion for summary judgment, the adverse party may not rest upon mere allegations, but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV.

4

P. 56(e).

Defendants' First Motion for Summary Judgment is properly supported by affidavit as provided by Rule 56. *See* FED. R. CIV. P. 56(e). Defendants have established that Plaintiff failed to file a charge of discrimination within 300 days of the day he last worked for Newt & Butch's and did not re-apply for employment during the relevant period. In order to timely exhaust administrative remedies, Plaintiff was required to file his administrative charge of discrimination within 300 days of the date of the alleged discrimination or retaliation. *See Mascheroni*, 28 F.3d at 1557. Because Plaintiff failed to file his administrative charge within 300 days of the date any discrimination or retaliation could have occurred, Plaintiff failed to timely exhaust administrative remedies. Thus, Plaintiff's Title VII claims are barred by his failure to timely exhaust administrative remedies. *See Seymore*, 111 F. 3d 799. Defendants' First Motion for Summary Judgment should be granted.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' First Motion for Summary Judgment (Doc. 32), filed June 28, 2001, is hereby **GRANTED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**