# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RICARDO RAMIREZ,**

    Plaintiff,

vs.                                                        No. CIV 00-1275 LCS

**ALVA L. WILSON and NEWT &**
**BUTCH'S ROOFING & SHEET**
**METAL, INC.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Second Motion for Summary Judgment (Doc. 40), filed October 25, 2001. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, submissions, arguments of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

**I.**     **Background.**

Plaintiff alleges that Newt & Butch's Roofing & Sheet Metal, Inc. (Newt & Butch's) employed him as a construction worker. (Compl. ¶ 12-13.) Plaintiff contends that he was subjected to racist remarks by management and co-workers, and, that after he notified management and owners of the comments, the racist comments continued. (Compl. ¶¶ 14; 17.) Plaintiff asserts that he was told to go home because there was insufficient work. (Compl. ¶ 14.)

On September 1, 2000, Plaintiff filed his Complaint in this Court alleging national origin discrimination and retaliation in violation of Title VII and discrimination in violation of 42 U.S.C. § 1981. (Doc. 1.) Plaintiff seeks class action certification, damages, reinstatement, attorney fees, and

costs. (*Id.*) Plaintiff has not filed a motion for class certification.

In their First Motion for Summary Judgment, Defendants argued that Plaintiff's Title VII claims are barred by his failure to timely exhaust administrative remedies. Plaintiff failed to file a response to the First Motion for Summary Judgment. The Court determined that Plaintiff had failed to exhaust his claims under Title VII and granted Defendant's First Motion for Summary Judgment on August 16, 2001. Thus, Plaintiff's claim of discrimination in violation of 42 U.S.C. § 1981 is the only substantive claim still pending.

In their Second Motion for Summary Judgment, Defendants argue that they are entitled to summary judgment on Plaintiff's claim of discrimination in violation of 42 U.S.C. § 1981. Defendants filed their Motion and Memorandum of Law on October 25, 2001. Plaintiff's response was due fourteen calendar days later. *See* D.N.M.LR-Civ. 7.6 (a). To date, Plaintiff has failed to file a response.

## II. Facts

The following facts are undisputed. Plaintiff, an Hispanic male, was employed by Newt & Butch's Roofing & Sheet Metal, Inc. (Newt & Butch's) as a construction worker/laborer from about February 1998 to February 22, 1999. (Alva L. "Butch" Wilson Aff. at ¶ 4; *see* Def. Ex. A.) In February 1999, Plaintiff and others were laid off when the construction project on which they were working came to a close. (Wilson Aff. at ¶¶ 5, 6, 7; *see* Def. Ex. A..) Plaintiff never worked for Newt & Butch's after February 22, 1999, and did not submit an application for employment with Newt & Butch's after February 22, 1999. (Wilson Aff. at ¶ 7, 9, 12; *see* Def. Ex. A.)

Bill Hollaway, Plaintiff's supervisor at the job site, told Plaintiff that he was being laid off. (Hollaway Aff. at ¶¶ 3, 4, 7; *see* Def. Ex. C.) At the time of the lay off, Plaintiff was performing

carpentry work, some labor work, and some welding. (Hollaway Aff. at ¶ 5; *see* Def. Ex. C.) When he was performing carpentry work, Plaintiff was paid at a higher wage than when he was doing laborer work. (*Id.*) Hollaway believed that Plaintiff was a good laborer, but that he was not qualified to be a carpenter. (Hollaway Aff. at ¶ 5; *see* Def. Ex. C.) Hollaway told Plaintiff he could work some additional days as a laborer instead of a carpenter, but would only be paid a laborer's wages. (Hollaway Aff. at ¶¶ 7-8; *see* Def. Ex. C.) Plaintiff did not return to work at the lower wage.

At the same time that Plaintiff was laid off, Don Aragon, an Hispanic male, stayed on to finish up the carpentry work on the site. (Hollaway Aff. at ¶¶ 7, 11; *see* Def. Ex. C.) Hollaway perceived that Aragon was more qualified as carpenter than Plaintiff. (*Id.*) Aragon had been with the company for approximately six years. (*Id.*) Hollaway was the sole decision-maker as to the lay off of Plaintiff. (Hollaway Aff. at ¶ 9; *see* Def. Ex. C.) Hollaway's decision was based solely on the fact that the carpentry work at the job site was almost complete, and that he had a more experienced carpenter, Aragon, on hand to finish the job. (Hollaway Aff. at ¶ 10; *see* Def. Ex. C.) Hollaway did not take Plaintiff's ethnicity into consideration in making the lay-off decision. (Hollaway Aff. at ¶ 11; *see* Def. Ex. C.) The sole reason Plaintiff was laid off was because work on the job site was almost completed and Defendants had a more experienced carpenter to finish the remaining work. (Bill Hollaway Aff. at ¶¶ 7, 10; *see* Def. Ex. C.)

Hollaway did not make any racial or national original related remarks to or about Plaintiff and never heard Butch Wilson make any racial or national original related remarks to or about his employees. (Hollaway Aff. at ¶¶ 11, 12; *see* Def. Ex. C.)

**III. Standard**

A motion for summary judgment may be granted only when "there is no genuine issue as to

any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F. 3d 1193, 1201 (10th Cir. 1999).

**IV.  Analysis**

Plaintiff alleges that he was subjected to discrimination in violation of 42 U.S.C. § 1981. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

4

42 U.S.C. § 1981.

"A plaintiff alleging discrimination on the basis of race may prove intentional discrimination through either direct evidence of discrimination or indirect (i.e., circumstantial) evidence of discrimination." *Amro v. Boeing Co.*, 232 F. 3d 790, 796 (10th Cir. 2000) (*quoting Kendrick v. Penske Transp. Servs., Inc.*, 220 F. 3d 1220, 1225 (10th Cir.2000)). In either instance, the plaintiff has the burden to present evidence in his prima facie case to show that an "adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.' " *Kendrick,*, 220 F. 3d at 1227 (*quoting Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). For cases involving indirect evidence, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973) provides the framework for analyzing the circumstantial evidence under either §1981 or Title VII. *See Perry v. Woodward*, 199 F. 3d 1126, 1135 (10th Cir.1999).

In this case, Defendants have submitted the affidavits of Alva "Butch" Wilson and Bill Hollaway demonstrating that Plaintiff was laid off from his carpentry job with Newt & Butch's and that Plaintiff chose not to continue to work as a laborer for Newt & Butch's. (Wilson Aff. at ¶ 7; Hollaway Aff. at *see* Def. Exs. A & C.) Defendants have met their summary judgment burden of showing that Plaintiff has failed to establish discrimination on the basis of his national origin. *See Celotex*, 477 U.S. at 323. The burden then shifted to Plaintiff to demonstrate a genuine issue for trial on a material matter. *See McGarry*, 175 F. 3d at 1201. Plaintiff failed to meet this burden by failing to respond to the Second Motion for Summary Judgment

Defendants' filed their Second Motion for Summary Judgment on October 25, 2001. Plaintiff's response was due fourteen calendar days later. *See* D.N.M.LR-Civ. 7.6 (a). To date, Plaintiff has failed to file a response to Defendant's Second Motion for Summary Judgment. In

response to a properly supported motion for summary judgment, the adverse party may not rest upon mere allegations, but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e).

Defendants' Second Motion for Summary Judgment is properly supported by affidavit as provided by Rule 56. *See* FED. R. CIV. P. 56(e). Defendants have established that Plaintiff was not subjected to discrimination in violation of §1981. In order to establish a *prima facie* case of discrimination, Plaintiff needed to present evidence in his prima facie case to show that an "adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.'" *Kendrick,*, 220 F. 3d at 1227 (*quoting Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Plaintiff failed to present any evidence and failed to establish a *prima facie* case. Because Plaintiff failed to establish a *prima facie* case of discrimination, Defendants are entitled to summary judgment on Plaintiff's claim under 1981. Defendants' Second Motion for Summary Judgment should be granted.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Second Motion for Summary Judgment (Doc. 40), filed October 25, 2001, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants are entitled to summary judgment on all remaining issues is this case.

**AN ORDER CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**