## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RICARDO RAMIREZ,**

    **Plaintiff,**

vs.      No. CIV 00-1275 LCS

**ALVA L. WILSON and NEWT &
BUTCH'S ROOFING & SHEET
METAL, INC.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion for Attorney Fees (Doc. 49), filed December 5, 2001. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, submissions, arguments of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED IN PART**.

**I.**     **Background.**

On September 1, 2000, Plaintiff, through counsel, Jose Angel Silva, Esq., filed his Complaint in this Court alleging national origin discrimination and retaliation in violation of Title VII and discrimination in violation of 42 U.S.C. § 1981, requesting class action certification, damages, reinstatement, attorney fees, and costs. (Doc. 1.) Plaintiff never filed a motion for class certification.

In their First Motion for Summary Judgment, Defendants argued that Plaintiff's Title VII claims were barred by his failure to timely exhaust administrative remedies. Plaintiff failed to file a response to the First Motion for Summary Judgment. The Court determined that Plaintiff had failed to exhaust his claims under Title VII, and granted Defendant's First Motion for Summary Judgment

on August 16, 2001. Thereafter, Plaintiff's claim of discrimination in violation of 42 U.S.C. § 1981 was the only substantive claim still pending.

On October 25, 2001, Defendants filed a Second Motion for Summary Judgment, arguing that they were entitled to summary judgment on Plaintiff's claim of discrimination in violation of 42 U.S.C. § 1981. Plaintiff failed to file a response. On November 27, 2001, the Court granted Defendants' Second Motion for Summary Judgment and entered Summary Judgment in favor of Defendants on all claims.

On December 5, 2001, Defendants filed their Motion for Attorney Fees under 42 U.S.C.§ 1988 and/or 28 U.S.C. § 1927. Plaintiff filed two untimely responses to this Motion; one on January 3, 2002, and one on January 11, 2002. Defendants timely replied on January 16, 2002.

**II.     Analysis**

Defendants request an award of attorney fees pursuant to 42 U.S.C. § 1988, which provides that the court, in its discretion, may award attorneys fees to the prevailing party in a civil rights action. The standard for awarding a defendant attorney fees under Title VII is the same as the standard for awarding fees in civil rights actions under 28 U. S. C. §1988, *Cooper v. Singer,* 719 F. 2d1496, 1499 n. 5 (10th Cir. 1983), *overruled on other grounds, Venegas v. Mitchell*, 495 U. S. 82 (1990).

A prevailing defendant in a civil rights or Title VII action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. *Utah Women's Clinic, Inc. v. Leavitt*, 136 F. 3d 707, 709 (10th Cir. 1998) (*citing Hensley v. Eckerhart*, 461 U. S. 424, 429 n.2 (1983)); *Withiam v. Baptist Health Care of Oklahoma, Inc.*, 98 F. 3d 581 (10th Cir. 1996). The dismissal of claims at the summary judgment stage does not automatically meet this

2

stringent standard. *Mitchell v. City of Moore*, 218 F. 3d 1190, 1203 (10th Cir. 2000).

In Plaintiff's untimely Responses, Mr. Silva admits that he allowed the case to "die on the vine" after "significant weaknesses developed in Plaintiff's case as the result of his deposition" and that "the case lost steam as a matter of law." (Pl's Op. to Defs.' Mot. for Attorneys' Fees, ¶¶2-4.) These statements demonstrate that Mr. Silva knew, at least as of the date of Plaintiff's deposition, that Plaintiff's claims were frivolous. Instead of voluntarily dismissing the action after he realized it was devoid of merit, Mr. Silva allowed the litigation to continue and forced defense counsel to incur attorney fees in preparing the Second Motion for Summary Judgment. Instead of notifying the Court that the Second Motion for Summary Judgment was unopposed, Mr. Silva failed to file a response. By his own admission, Plaintiff's counsel has established that the case was frivolous as of the date of Plaintiff's deposition. Plaintiff's deposition was taken on October 5, 2001. (Pl's Op. to Defs.' Mot. for Attorneys' Fees, Ex. 2.) I find that attorney fees should be awarded to Defendants pursuant to §1988 for attorney fees incurred after October 5, 2001. Plaintiff need not pay these fees however, because they will be offset by the amount assessed against Mr. Silva pursuant to 28 U.S.C. § 1927.

Defendants assert that they are entitled to attorney fees pursuant to 28 U. S. C. § 1927. This section provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct.

28 U. S. C. § 1927.

"[C]onduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, warrants the imposition of excess costs, expenses, or attorneys fees

3

personally against the attorney responsible for unreasonably multiplying the proceedings." *Miera v. Dairyland Ins. Co.*, 143 F. 3d 1337, 1342 (10th Cir. 1998) (*quoting Braley v. Campbell*, 832 F. 2d 1504, 1512 (10th Cir. 1987)); *see also Aerotech, Inc. v. Estes*, 110 F. 3d 1523, 1528 (10th Cir. 1997); *White v. American Airlines, Inc.*, 915 F. 2d 1414, 1427 (10th Cir. 1990); *Dreiling v. Peugeot Motors of America, Inc.*, 768 F. 2d 1159, 1165 (10th Cir. 1985). The authority granted under §1927 must be strictly construed and utilized only in instances evidencing a serious disregard for the orderly process of justice. *Braley*, 832 F. 2d at 1512.

Section 1927 is not intended to dampen the legitimate zeal of an attorney in representing his client. *Braley*, 832 F. 2d at 1512. However, sanctions against an attorney under §1927 are appropriate when an attorney is cavalier or bent on misleading the court, intentionally acts without a plausible basis, when the entire course of the proceedings was unwarranted, or when certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the cost of litigation. *Id.* Sanctions may be awarded under §1927 where counsel persists in prosecuting a claim after it becomes clear that the claim is unfounded. *Shackelford v. Courtesy Ford Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo 2000).

Mr. Silva evinced a cavalier attitude towards this Court by prosecuting the case after it became obvious that it was unfounded. Mr. Silva admits that he realized that Plaintiff's claims were unsupported during Plaintiff's deposition on October 5, 2001. Accordingly, Defendants should be awarded attorney fees and costs incurred after October 5, 2001, assessed against counsel for Plaintiff personally, and not against Plaintiff.

**WHEREFORE,**

    **IT IS ORDERED** that Defendants' Motion for Attorney Fees (Doc. 49), filed December 5,

2001, is **GRANTED IN PART**.

  **IT IS FURTHER ORDERED** that Jose Angel Silva, Esq. shall pay Defendants' reasonable attorney fees and costs incurred to defend this matter after October 5, 2001, pursuant to 28 U. S. C. § 1927.

                            **LESLIE C. SMITH**
                            **UNITED STATES MAGISTRATE JUDGE**